AMY, J.,
concurring in part and dissenting in part.
hi largely agree with the majority opinion. However, I respectfully dissent from the opinion insofar as it reverses the jury’s determination that the plaintiff failed to sustain her burden of proving entitlement to damages for disability and loss of enjoyment of life. Given the evidence presented, I find that a full affirmation is warranted.
As for the plaintiffs disability claim, Dr. Gunderson explained that Ms. Cormier had a “15% permanent-partial impairment to the body” in light of the cervical fusion. *22 However, he spoke only generally regarding disability, testifying that impairment ratings are “hard for lay people to understand, but there are books published and in this case she would have a 15% permanent-partial impairment to the body as a whole and that’s an anatomic basis.” Dr. Gunderson further briefly explained that, due to the fusion of the plaintiffs discs, “they’re not going to move, so there’s going to be reduced motion.” However, this is the limit of the evidence presented to the jury as to disability. Importantly, the plaintiff lacked explanation as to how such a disability rating would impact her future. With regard to the question of limited range of motion and the plaintiffs complaints of residual neck and arm pain, along with occasional weakness in the left hand, I point out that the jury awarded a separate amount for “future mental and physical pain and suffering, discomfort, anxiety, distress, disfigurement, and inconvenience.” For these treasons, I believe that the jury permissibly determined that the plaintiff did not prove entitlement to a distinct disability award.
Neither do I find error in the jury’s rejection of the plaintiffs claim for loss of enjoyment of life and quality of life as a separate element of damages. Ms. Cormier argues that the jury erred in failing to consider the impact that her post-surgery limitations have had and will have on her life in light of pre-existing limitations due to her hearing impairment. However, the evidence in this regard was not so compelling as to require a separate award on this element of damages. Instead, I believe that the jury could have discounted testimony in this regard and could have further considered evidence regarding a social media website wherein Ms. Cormier positively reported her social activities without reference to limitations from her surgery. Thus, I would not disturb the jury’s determination as to this claim. See, e.g., Guillory v. Lee, 09-0075 (La.6/26/09), 16 So.3d 1104.
For these reasons, I would affirm the underlying judgment in full.